UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CLYDE WOODS, *et al.*                                            PLAINTIFFS

v.                                       CIVIL ACTION NO. 3:11-CV-00615

SGM TACTICAL, LLC, *et al.*                               DEFENDANTS

### **OPINION AND ORDER**

Pending before the court are two motions: 1) a motion by both defendants, Phillip Cupelli and SGM Tactical, LLC, to dismiss for failure to state a claim or, in the alternative, to transfer venue (DN 9); and 2) a motion by Cupelli alone to dismiss for lack of jurisdiction or for failure to state a claim (DN 10). For the reasons stated herein, the court will transfer this action to the United States District Court for the Eastern District of Tennessee.

In a complaint filed November 2, 2011, Clyde Woods, Katherine Bricking-Woods, and Homer Van Fleet (collectively, "Plaintiffs") brought claims against Cupelli and SGM Tactical (collectively, "Defendants") for securities fraud under the Kentucky Securities Act, misrepresentation and fraud, and breach of contract.

On December 30, 2011, Cupelli filed a motion to dismiss for lack of personal jurisdiction, or for failure to state a claim as to him. Also on December 30, 2011, Defendants filed a joint motion to dismiss the complaint for failure to state a claim, or alternatively, to transfer this matter to the United States District Court for the Eastern District of Tennessee. In regards to the request to transfer, Defendants explained that SGM had filed an action in Tennessee state court on October 7, 2011, which was removed by Plaintiffs to the Eastern District of Tennessee. In the Eastern District

of Tennessee, Plaintiffs filed an answer to SGM's complaint, asserting the same counterclaims as Plaintiffs asserted in their complaint in this court. In their motion to dismiss or transfer, Defendants argue that the Tennessee action constitutes the first-filed action, that the Tennessee action involves similar parties and identical allegations, and that, in order to prevent conflicting results, the complaint should be transferred to the Eastern District of Tennessee, at least insofar as any claims survive the motion to dismiss.

On March 15, 2012, Plaintiffs responded to the motions to dismiss. Plaintiffs opposed dismissal of any claims, and also opposed transferring the matter to the Eastern District of Tennessee. However, on April 18, 2012, Plaintiffs filed a "notice of consent to transfer this action to the U.S. District Court for the Eastern District of Tennessee."

Plaintiffs having thus consented to a transfer, Defendants' motion for a transfer of venue to the Eastern District of Tennessee will be granted. The transfer of this case will moot that portion of Cupelli's motion to dismiss that is directed toward this court's alleged lack of personal jurisdiction over him. The court expresses no opinion as to the remainder of Cupelli's motion, claiming that Plaintiffs have failed to state a claim as to him, nor does the court express any opinion as to Defendants' joint motion to dismiss for failure to state a claim.

For all the reasons stated above and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the Defendant's motion (DN 9) is **GRANTED to the extent of transferring the proceedings**. The proceedings in this case are hereby **TRANSFERRED to the United States District Court for the Eastern District of Tennessee**.

D03                          May 30, 2012

Charles R. Simpson III, Judge
United States District Court